UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTIS SCARBOROUGH,

    Petitioner,

-vs-                                                            Case No.  8:02-cv-476-T-30TBM

JAMES V. CROSBY,

    Respondent.
_____/

## **O R D E R**

This matter comes before the Court upon Petitioner's Notice of Appeal of the March 31, 2005 decision denying his petition for relief under 28 U.S.C. § 2254 (Dkt. 34), Petition for Certificate of Appealability filed pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 38), and Affidavit of Indigency in which Petitioner seeks leave to proceed on appeal *in forma pauperis* (Dkt. 39).

To obtain a certificate of appealability where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists

---

[1] "Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling to obtain a certificate of appealability.  *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Petitioner's challenge to his 1999 state conviction was denied on the merits. Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the Petition debatable or wrong, he has failed to satisfy the two-prong *Slack* test.  529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that**:**

1. Petitioner's Petition for Certificate of Appealability (Dkt. 38) is **DENIED**.

2. Petitioner's request for leave to proceed on appeal *in forma pauperis* (Dkt. 39) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 1, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA/jsh

Copy furnished to:
All Parties of Record